IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JEFFREY EDWARD MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 121-123 |
| ) | |
| EDWARD PHILBIN; MS. DANIEL; ) | |
| MS. JORDAN; MR. MICKEN; ) | |
| MS. KING; and MS. LEVERETT, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.   SCREENING OF THE AMENDED COMPLAINT**

   **A.   BACKGROUND**

Plaintiff names as Defendants: (1) Edward Philbin, (2) Ms. Daniel, (3) Ms. Jordan, (4) Mr. Micken, (5) Ms. King, and (6) Ms. Leverett. Taking all of Plaintiff's factual allegations as true, the facts are as follows.

Plaintiff arrived at ASMP on July 7, 2020. At an unclear time, he asked unnamed officers for a padlock to secure his property but did not receive one. (Doc. no. 1, p. 8, ¶ 1.) On

July 30, 2020, as Plaintiff prepared to undergo a medical procedure, Defendant King packed up Plaintiff's things according to prison policy. (Id. at ¶¶ 2-5.) Plaintiff attempted to pack up his property by himself, but Defendant King "threw a fit" and would not let Plaintiff help. (Id.) Defendant King did not file a property inventory for Plaintiff's property, as is also prison policy. (Id.) When Defendant Leverett returned Plaintiff's property, his tablet, ear buds, electric razor, and charger were missing. (Id.) Plaintiff states Defendant Philbin allowed or encouraged prison staff to disregard the prison policies that would have secured Plaintiff's missing property. (Id. at ¶ 7.) When Plaintiff filed a grievance, Defendant Philbin wrote back saying Plaintiff stated "everything was there" when Defendant Leverett returned the property, and Plaintiff did indeed receive a padlock. (Id. at ¶ 8; p. 23.)

On January 29, 2021, Plaintiff's bunkmate assaulted him, so Plaintiff changed cells. (Id. at p. 10, ¶¶ 18-20.) Defendant Jordan escorted Plaintiff to his old cell to gather his property, then attempted to push him in and close the door. (Id.) Plaintiff accuses Defendant Jordan of wanting him to be beaten and raped. Though unclear from the complaint, it appears Defendant Daniel then instructed Plaintiff to pack up his property for the move but failed to fill out an inventory report. (Id. at p. 11, ¶ 23.) Afterwards, Plaintiff's headphones, watch, coffee, and food were missing, which Plaintiff assumes is due to Defendant Daniel opening Plaintiff's locker and "letting them go at it." (Id.)

On February 2, 2021, Plaintiff prepared to be transferred and filled out an inventory report of his property. (Id. at p. 10, ¶ 15-17.) He ended up not transferring, and when his property was returned, a bag was missing that contained a coffee mug, a cup, coffee, a prayer rug, an electric razor, and clothing. (Id.) The State never checked and signed Plaintiff's

2

inventory report as prison policy requires. (Id.) Though Plaintiff was not ultimately transferred, he states the transfer was made in retaliation, though he does not state retaliation as to what. (Id.)

On March 12, 2021, Plaintiff changed cells, and Defendant Micken packed up Plaintiff's property in preparation. (Id. at p. 9, ¶ 12-14.) Defendant Micken failed to fill out an inventory report in accordance with prison policy. (Id.) When Plaintiff's items were returned, his fan was missing.

Plaintiff seeks money damages of $100,000, a permanent injunction to stop retaliation, and for his prison record to be cleared. (Doc. no. 1, p. 12.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Dismissal is Warranted Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

The form complaint Plaintiff used to commence this case the "Complaint for Violation of Civil Rights," requires that prisoner plaintiffs disclose: (1) whether they have had a case dismissed because of the "three strikes rule,"; (2) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action; (3) whether they have brought any lawsuits in state or federal court relating to the conditions

of their confinement; and (4) the disposition of any such lawsuits. (Doc. no. 1, pp. 15-17.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 24-25.)

Here, pursuant to Federal Rule of Civil Procedure 11 and under penalty of perjury, Plaintiff disclosed one unnamed case from 2016. However, the Court is aware of several other cases Plaintiff filed which he failed to disclose.

In 2016, Plaintiff filed the case Moss v. Monroe Cnty. Sheriff's Dept., 1:16-CV-068 (N.D. Ga. May 20, 2016), which the Court transferred to the Middle District of Georgia as Moss v. Monroe Cnty, 5:16-CV-185 (M.D. Ga. July 5, 2016). Afterwards, Plaintiff filed a new case Moss v. Wilson, 5:16-CV-194 (M.D. Ga. June 23, 2016). The Court in the Middle District of Georgia consolidated Wilson and Monroe Cnty. into Knox.

In 2018, Plaintiff filed the case Moss v. Does, CV 5:18-CV-430 (M.D. Ga. Dec. 3, 2018). Plaintiff's complaint was styled as a letter but written like a lawsuit. (See Id. at doc. no. 1.) Plaintiff then wrote to the Clerk to decline to open a case, and the Clerk docketed his request as a voluntary dismissal. (Id. at doc. no. 5.)

Last, in 2020, Plaintiff filed and then voluntarily dismissed Moss v. Ga. Dept. of Corr, 5:20-CV-180 (M.D. Ga. July 1, 2020), in favor of pursuing his claim via a motion in the same-named case in the Southern District. (Id. at doc. nos. 1, 6); Moss v. Ga. Dept. of Corr., 6:19-CV-020, doc. nos. 21-22 (S.D. Ga. June 16, 2021).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for

5

the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is

malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). As discussed above, Plaintiff's answers about the disposition of lawsuits and the existence of others were blatantly dishonest. Accordingly, even if Plaintiff had stated a claim upon which relief could be granted - which, as described in detail below, he has not - this case should be dismissed without prejudice as a sanction for the dishonesty.

### 3. Dismissal On the Merits is Also Warranted

Plaintiff's allegations regarding loss of his personal property fail to state a federal claim for relief. The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. Grant v. Newsome, 411 S.E.2d 796, 799 (Ga. App. 1991). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Thus,

Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 claim against any Defendant for the loss of any personal property.

To the extent Plaintiff is suing Defendants Philbin, Jordan, King, and Leverett in their official capacities, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against Defendants for monetary relief fail as a matter of law and should be dismissed.

## II. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history and fails to state a claim upon which relief can be granted, the Court **REPORTS** and **RECOMMENDS** the case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 12th day of October, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA